# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 5, 2021

Lyle W. Cayce
Clerk

No. 20-10508

Tony Hobbs,

*Plaintiff—Appellant*,

*versus*

Kyle Warren,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC 3:19-CV-47

Before Jones, Clement, and Graves, *Circuit Judges*.

Per Curiam:*

Tony Hobbs seeks review of the district court's decision to dismiss his excessive force claim under 42 U.S.C. § 1983. The district court found that Hobbs failed to plead sufficient facts to survive defendant Officer Kyle Warren's motion to dismiss. It further found that, even if Hobbs had satisfied Rule 12(b)(6), Officer Warren was entitled to qualified immunity. The

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10508

factual deficiencies in the record prevent us from undertaking an appropriately fulsome review of the immunity question. As a result, we vacate and remand for discovery limited to the issue of qualified immunity.

On January 12, 2017, Hobbs visited a Home Depot in Mesquite, Texas. The Home Depot employees thought Hobbs was acting suspiciously, so they contacted the Mesquite Police Department. Upon the officers' arrival, Home Depot employees asked the officers to disregard their report because Hobbs had not taken anything from the store. Despite this information, the officers began to pursue Hobbs, and he ran.

As this was happening, Officer Warren—a police officer for the neighboring City of Garland—was off-duty and travelling on I-635 with his wife. Officer Warren noticed Hobbs was running from the officers and heard them telling Hobbs to stop. Hobbs continued to run, ignoring their commands. As a result, Officer Warren asked his wife to drive toward Hobbs. As the car approached him, Officer Warren opened the passenger side door of the car, striking Hobbs and throwing him to the ground. The incident left Hobbs with fractured ribs, a fractured skull, brain bleeding, and a ruptured right ear drum. Hobbs filed suit, and Officer Warren asserted the defense of qualified immunity.

Overcoming an assertion of qualified immunity requires a plaintiff to allege not only a constitutional violation but also that the defendant's actions violated clearly established law "of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). But, "[w]hen qualified immunity is asserted at the pleading stage, the precise factual basis for the plaintiff's claim or claims may be hard to identify." *Pearson v. Callahan*, 555 U.S. 223, 238–39 (2009) (collecting cases).

Indeed, facts crucial to the resolution of the qualified immunity issue remain unknown at this juncture, for example: the density of the traffic on I-

635, the speed of the vehicles on the road—including Officer Warren's, the time of day the incident occurred, the number of lanes on the interstate, and Hobbs's location at the time of impact.  Without these facts, we cannot determine whether Hobbs posed a threat to the officers or others.  *See Tennessee v. Garner*, 471 U.S. 1, 3 (1985).  "Additional facts . . . are particularly important when evaluating the second prong of the qualified immunity test—the reasonableness of [Officer Warren's] actions in light of the clearly established constitutional right." *Morgan v. Hubert*, 335 F. App'x 466, 473 (5th Cir. 2009) (per curiam); *cf. Pearson*, 555 U.S. at 239 ("[T]he two-step inquiry [can be] an uncomfortable exercise where . . . the answer [to] whether there was a violation may depend on a kaleidoscope of facts not yet fully developed . . . ." (quoting *Dirrane v. Brookline Police Dep't*, 315 F.3d 65, 69–70 (1st Cir. 2002))).

As a result, we find ourselves confronted with a quandary.  Although Hobbs bears the burden of demonstrating that qualified immunity is inapplicable, *Waganfeald v. Gusman*, 674 F.3d 475, 483 (5th Cir. 2012), he has pled sufficient facts to show that, if true, some set of facts could entitle him to relief, *see Hunter v. Town of Edwards*, 871 F. Supp. 2d 558, 561 (S.D. Miss. 2012) ("Th[e] same [pleading standard] applies 'when immunity is urged as a defense by a motion to dismiss.'" (quoting *Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 846 (5th Cir. 1991))).  Therefore, we are in the difficult position of having to determine whether Officer Warren's conduct was objectively reasonable without the facts typically relied upon to do so.

"[T]his court has established a careful procedure under which a [] court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (Jones, J.); *see, e.g.*, *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc) ("The district court may ban

discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. . . . Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56."); *Morgan*, 335 F. App'x at 473 (vacating and remanding for limited discovery on the issue of immunity); *Webb v. Livingston*, No. 6:13cv711, 2013 WL 8022345, at *2 (E.D. Tex. Dec. 2, 2013) (finding there was an "insufficient basis to grant the motions to dismiss" at the 12(b)(6) stage but noting that did "not eliminate the potential for a finding that qualified immunity [applied] after some discovery [had] been taken"), *report & recommendation adopted in relevant part*, 2014 WL 1049983, at *10 (E.D. Tex. Mar. 17, 2014); *Love v. Child Protective Servs.*, No. 3:16-cv-1973-B-BN, 2017 WL 11494142, at *1–2 (N.D. Tex. July 13, 2017). That mechanism is appropriate here.

We do not dispute that "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe*, 691 F.3d at 648; *see Morgan*, 335 F. App'x at 472 ("We are mindful that the protection afforded by qualified immunity applies to the lawsuit itself, and not merely to liability, and thus the issue should be resolved as early as possible."). Accordingly, on remand, discovery should be "narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Backe*, 691 F.3d at 648 (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 506 (5th Cir. 1987)).

We express no opinion on the ultimate success of Hobbs's lawsuit. At this stage, crucial facts necessary to resolve the issue of qualified immunity are unknown. Accordingly, we VACATE the district court's denial of qualified immunity and REMAND for discovery limited to that issue. We INSTRUCT the district court to carry the issue of qualified immunity and decide it anew once that discovery is complete.